IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| BRIAN JACKSON, | ) | CASE NO. 1:08 CV 2972 |
| | ) | |
| Plaintiff, | ) | JUDGE LESLEY WELLS |
| | ) | |
| v. | ) | MAGISTRATE JUDGE |
| | ) | WILLIAM H. BAUGHMAN, JR. |
| MAUI SANDS RESORT, INC., *et al.*, | ) | |
| | ) | **MEMORANDUM OPINION** |
| Defendants. | ) | **& ORDER** |

## Introduction

This matter comes before me on referral[1] for a ruling on defendant Mueller Electric Company's motion[2] to review an order awarding attorneys' fees in this case,[3] which Mueller has styled a motion to amend or alter judgment under Federal Rule of Civil Procedure 59(e).

The plaintiff, Brian Jackson, has filed an opposition to that motion.[4]  For the reasons explained below, I am treating the motion as one to reconsider the order awarding attorneys' fees rather than as one to amend or alter a judgment under Federal Rule of Civil Procedure 59(e).  Furthermore, I find the motion to reconsider not well-taken and deny it.

---

[1] ECF # 51.

[2] ECF # 46.

[3] Non-document order of March 26, 2009.

[4] ECF # 53.

## Nature of the Pending Motion

Mueller has styled the pending motion as one to amend or alter judgment under Federal Rule of Civil Procedure 59(e).[5]  In referring this matter to me, District Judge Wells has characterized it as one for reconsideration.[6]  Preliminarily, I must determine the correct nature of the pending motion, given that its true nature will govern the form and content of my decision on this referral.

28 U.S.C. § 636, the statute establishing the authority of magistrate judges, provides for two types of referrals.  Under 28 U.S.C. § 636(b)(1)(A), a district judge may refer a non-dispositive matter for decision subject to review under the clearly erroneous or contrary to law standards.  28 U.S.C. § 636(b)(1)(B) and (C) provide for referral of dispositive matters for report and recommendation subject to review on written objections under the *de novo* standard.  Although the statute frames the respective scope of these two types of referrals in terms of specific matters for decision, Federal Rule of Civil Procedure 72, which implements the authority in the statute, expressly characterizes these types of referrals as those for "non-dispositive matters"[7] and those for "dispositive motions and prisoner petitions."[8]

---

[5] ECF # 46.

[6] ECF # 51.

[7] Fed. R. Civ. P. 72(a).

[8] Fed. R. Civ. P. 72(b).

Turning to the motions relevant here, District Judge Wells unambiguously and expressly made the referrals under 28 U.S.C. § 636(b)(1)(A).[9] She directed me to decide the motions referred rather than to submit reports and recommendations.[10] In response to her initial referral, I made a ruling rather than submit a report and recommendation.

Mueller, however, now assumes that the decision awarding fees in sums certain is a judgment and has moved to amend or alter that judgment under Federal Rule of Civil Procedure 59(e). If Mueller's assumption is correct, then I should have issued a report and recommendation rather than a decision by order.

In federal civil practice, judgment is a defined term. Federal Rule of Civil Procedure 54(a) defines a judgment as "a decree and/or order from which an appeal lies."

Although neither side has addressed this question, my research leads me to conclude that the award of attorneys' fees in a sum certain under Federal Rule of Civil Procedure 37(b)(2)(C) is not a decree or order from which an appeal lies and, therefore, is not a judgment.

I can find no authority from the Sixth Circuit addressing this issue. Of the authority coming out of other circuits, the most definitive appears to be the decision of the Eighth Circuit in *Coleman v. Sherwood Medical Industries*.[11] In that case, the court held that an order imposing costs and/or attorneys' fees on a party for failure to comply with a discovery

---

[9] ECF #s 41 and 51.

[10] *Id.*

[11] *Coleman v. Sherwood Med. Indus.*, 746 F.2d 445 (1984).

-3-

order is neither a final decision on judgment under 21 U.S.C. § 1291 nor an order immediately appealable under the collateral order exception.[12]

Based on that authority, I treat the motion referred as one to reconsider the order awarding attorneys' fees in sum certain as Judge Wells has directed in her order of reference.[13]

## Procedural Background

In reconsidering the decision to award attorneys' fees, I deem important the chronology of events that led up to that decision. Those events are succinctly summarized as follows:

- ECF # 35 (February 5, 2009) – order directing the defendants, including Mueller, to "fully answer Jackson's expedited opt-in discovery requests by February 20, 2009";

- ECF # 37 (February 24, 2009) – stipulated motion to extend the time for defendants' production of opt-in discovery to March 9, 2009;

- Non-document order of March 3, 2009 – order that the defendants complete opt-in discovery by March 9, 2009;

- ECF # 40 (March 18, 2009) – Jackson's motion to compel opt-in discovery from defendants;

---

[12] *Id.* at 446, 447. As such, the award will not be reviewable on appeal or subject to execution under Federal Rule of Civil Procedure 69 until the final judgment in the case is entered.

[13] ECF # 51.

- ECF # 41 (March 19, 2009) – order referring the motion to compel to the magistrate judge for a hearing on March 20, 2009 at 1:30 p.m., named counsel to appear;[14]

- ECF # 42 (March 20, 2009) – minutes of the hearing directed by Judge Wells's order of reference, notation that counsel for Mueller failed to appear;

- ECF # 43 (March 20, 2009) – order granting Jackson's motion to compel and awarding attorneys' fees;

- ECF # 44 (March 23, 2009) – Jackson's motion for an award of fees in amounts certain with documentation; and

- Non-document order of March 26, 2009 – order awarding attorneys' fees in amounts certain but substantially reduced from those requested.

## Analysis

A district court has broad discretion in awarding attorneys' fees under Federal Rule of Civil Procedure 37, subject to review only for abuse of that discretion.[15] The issue, therefore, is whether the award of attorneys' fees against Mueller and its attorneys constitutes an abuse of the Court's broad discretion under Rule 37.

In seeking reconsideration, Mueller makes two arguments.  First, it submits that the Court prematurely awarded attorneys' fees because the time permitted by rule for responding to Jackson's motion had not yet expired.  Second, Mueller posits that its failure to comply

---

[14] District Judge Wells expressly made this reference under 28 U.S.C. 636(b)(1)(A) with directions to "consider and resolve the motion now pending before this Court."

[15] *Conner v. State Farm Mut. Auto Ins. Co.*, 273 F. App'x 438, 444 (6th Cir. 2008).

with the Court's order was "substantially justified" because it was working on assembling the discovery ordered and eventually produced it, albeit late. Both arguments lack merit.

As to the prematurity argument, Local Civil Rule 7.1(d) does provide that for non-dispositive motions, the response is due 14 days after service "[u]nless otherwise ordered by the Judicial Officer...." Here, Judge Wells otherwise ordered an earlier response. Her order of referral on the motion to compel[16] required counsel to appear before me on March 20, 2009, at 1:30 p.m. on the motion. If Mueller needed more time to respond to the motion, it should have either filed a motion to continue the ordered appearance or its counsel should have appeared before me at the appointed time and requested additional time to respond. Neither occurred. Mueller has no explanation as to why its counsel failed to appear as directed by Judge Wells. Having failed to request additional time and to show good cause for an extension, Mueller has effectively waived the prematurity argument.

The circumstances laid out by Mueller in defense of its failure to timely complete discovery as ordered do not constitute substantial justification under Federal Civil Rule 37(b)(2)(C). The chronology of proceedings set out above evidences that counsel for Mueller was well aware of the deadlines set by Judge Wells and had been careful up to a point in seeking additional time to complete discovery as ordered. After failing to complete discovery by March 9, 2009, Mueller's counsel made the decision to simply proceed out of rule and turn over the discovery whenever it was finally assembled. Despite Judge Wells's strong statement that Mueller should answer in person for its default at the hearing on

---

[16] ECF # 41.

March 20, 2009, Mueller's counsel chose to ignore the hearing and proceed to complete discovery on its own timetable in disregard of that established by Judge Wells's order.  These actions do not provide substantial justification for non-compliance with the Court's order.

## Conclusion

Based upon the foregoing, the motion referred is deemed a motion to reconsider and denied.  The Court properly exercised its discretion in awarding attorneys' fees because Mueller's failure to complete opt-in discovery as ordered by Judge Wells was not substantially justified.

IT IS SO ORDERED.

Dated:  April 23, 2009                                  s/ William H. Baughman, Jr.
                                                                          United States Magistrate Judge