IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

------------------------------------------------------ :
 : CASE NO. 1:08 CV 2972
BRIAN JACKSON, on behalf of himself :
and all others similarly situated, :
 : MEMORANDUM OF OPINION AND
 Plaintiff, : ORDER DENYING DEFENDANTS'
 : 12(B)(1) AND 12(B)(6) MOTIONS TO
 -vs- : DISMISS PLAINTIFFS' COMPLAINT
 :
 :
MAUI SANDS RESORT, INC. :
 :
 Defendant.
------------------------------------------------------

UNITED STATES DISTRICT JUDGE LESLEY WELLS

    Before the Court is a motion to dismiss plaintiffs' complaint pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6), submitted by defendant Maui Sands Resort. (Docket No. 61). Defendant E. Scott Emerson also joins in this motion. (Docket No. 72). Defendants maintain that this Court does not have subject matter jurisdiction because their purported exemption from the overtime and minimum wage requirements of the Fair Labor Standards Act functions as a jurisdictional limitation upon the Court. (Docket No. 61). The defendants also claim that the same exemption forecloses the plaintiffs' chances for relief such that the plaintiffs' complaint fails to state a claim upon which relief can be granted. (Docket No. 61). The plaintiffs have filed a brief in opposition to

each of the defendants' contentions (Docket No. 70), and the defendants have replied. (Docket No. 71).  For the reasons discussed herein, the defendants' motion to dismiss is denied.

**I. Background**

Plaintiff Brian Jackson brought this collective action pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. 216(b), on behalf of approximately 100 other former employees of the defendants (collectively "the plaintiffs").  (Docket No. 1 at 2).  The complaint alleges that the defendants own and operate Maui Sands Resort ("Maui Sands"), a 55,000 square foot indoor waterpark in Sandusky, Ohio, which closed its doors sometime in late November 2008 after operating for less than a year.  (Docket No. 1 at 2).  The plaintiffs' employment with the defendants was terminated at that time. (Docket No. 1 at 4).

The complaint alleges that the defendants failed to pay the plaintiffs any wages for Maui Sand's last several weeks of operation, in addition to a variety of other offenses, all in violation of the FLSA's minimum wage and overtime requirements, 29 U.S.C. §§ 201-219.  (Docket No. 1 at 6-7).  The plaintiffs seek actual damages for unpaid wages and various other forms of relief.  (Docket No. 1 at 7).

**II. Analysis**

    **A. Defendant's Motion to Dismiss for Lack of Subject Matter Jurisdiction**

The plaintiffs maintain that this Court has proper subject matter jurisdiction over the action pursuant to 28 U.S.C. § 1331 ("federal question" jurisdiction) and 29 U.S.C. § 216(b) (the jurisdictional grant of the FLSA).  (Docket No. 1 at 2).  The defendants challenge the Court's jurisdiction on grounds that are not entirely clear, but they seem to argue that their purported exemption from the statute's overtime and minimum wage requirements under 29 U.S.C.A. § 213(a)(3) deprives the Court of jurisdiction over the plaintiffs' claim.    (Docket No. 61 at 2; Docket No. 61-1 at 4-5).  The plaintiffs argue in opposition that whether or not the defendants qualify for the exemption is irrelevant and not a jurisdictional limitation on the Court.  (Docket No. 70 at 4).  Rather, plaintiffs maintain that the defendants' assertion of their exempt status is in fact an affirmative defense going to the merits.  (Docket No. 70 at 4).  On this issue, the Court agrees with the plaintiffs.

Pursuant to 28 U.S.C. § 1331, a plaintiff properly invokes federal question jurisdiction by pleading a colorable claim "arising under" the Constitution or laws of the United States. See Bell v.Hood, 327 U.S. 678, 681-685, 66 S.Ct. 773, 90 L.Ed. 939 (1946).  A claim "arises under" the laws of the United States in those cases "in which a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." Franchise Tax Bd. of State of Cal. v. Construction Laborers

Vacation Trust for Southern  Franchise Tax Bd. of State of Cal., 463 U.S. 1, 27-28, 103 S.Ct. 2841, 2856 (1983).

Clearly, federal law has created the plaintiffs' cause of action, but for their claim to properly "arise under" this federal statute, they must surpass any jurisdictional hurdle Congress saw fit to impose under it.  The defendants, in essence, claim that their purported exemption creates just such a hurdle.  For this to be the case, however, the legislature must have clearly stated that the threshold limitation cited by the defendants is jurisdictional in nature.  Arbaugh v. Y&H Corp., 546 U.S. 500, 514-15, 126 S.Ct. 1235 (2006).  For example, under 28 U.S.C. § 1332 Congress clearly delineated that the amount in controversy requirement is a threshold jurisdictional requirement.  28 U.S.C. § 1332 ("The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs").  On the other hand, if Congress did not classify the claimed exemption as jurisdictional, the Court will treat it as non-jurisdictional in character.  Arbaugh v. Y&H Corp., 546 U.S. 500, 514-15, 126 S.Ct. 1235 (2006).

Thus, it is the Court's task to consider the language of the jurisdictional grant in the FSLA and determine whether Congress intended that the exemption claimed by the defendants should serve as a jurisdictional limitation on the Court.  If, based on the language of the statute, Congress had no such intention, then the exemption is an issue for the merits.  The jurisdictional grant of the FLSA provides in pertinent part: .

> An action to recover the liability prescribed in either of the preceding sentences may be maintained against any employer (including a public agency) in any Federal or State court of competent jurisdiction by any one or more employees for and in behalf of himself or themselves and other employees similarly situated.

29 U.S.C. § 216(b). While it is sometimes a close question as to whether a disputed matter concerns jurisdiction or the merits, Da Silva v. Kinsho Intern. Corp., 229 F.3d 358, 361 (2d Cir. 2000), this is not the case here. The defendants do not suggest -- and the Court is unable to ascertain – how this language might be construed to show that Congress clearly intended to deprive the courts of jurisdiction where a defendant employer qualifies for an exemption under the FLSA. This observation is consistent with the rulings of other district courts that have passed on the matter. See, e.g., Velez v. Vassallo, 203 F.Supp.2d 312 (S.D.N.Y. 2002)("Other courts have similarly recognized that whether or not a defendant is statutorily excluded from coverage under the FLSA goes to the merits of the claims against it and not to the jurisdiction of the Court); Freudenberg v. Harvey, 364 F.Supp. 1087, 1090 (E.D. Pa. 1973)(" Defendant's argument that the exemption of § 213(a)(2) deprives this Court of jurisdiction over the subject matter stems from her failure to distinguish between a decision on jurisdictional grounds and an adjudication on the merits"); Reed v. Johnson, 1995 WL 527612 (E.D. La 1995)("The Court recognizes that [the defendants] do not understand the difference between jurisdiction and exemption"). The defendants' claimed exempt status, therefore, is a matter which properly goes to the merits and not to the question of jurisdiction. The Court, accordingly, rejects the defendants' argument that it lacks subject matter jurisdiction over the plaintiffs' cause of action.

### B. Defendants' Motion to Dismiss for Failure to State a Claim upon which Relief can be Granted

The defendants also seek to dismiss the plaintiffs' complaint for failure to state a

claim upon which relief can be granted.  (Docket No. 61-2 at 3-5).  The defendants again rely on their purported exemption from the overtime and minimum wage requirements of the FLSA, arguing that it forecloses the plaintiffs' right to recover under the statute such that the complaint should be dismissed.  (Docket No. 61-2 at 3-5).  The plaintiffs observe that the defendants' argument does not attack the sufficiency of the complaint; rather, the defendants raise an affirmative defense, which the plaintiffs argue is an improper ground for a 12(b)(6) dismissal.  (Docket No. 70 at 4-5).  While the Court disagrees with the plaintiffs that an affirmative defense cannot serve as the basis for dismissal under 12(b)(6), it agrees that the defendants' failure to identify a defect on the face of the complaint makes dismissal inappropriate.

Because a motion to dismiss for failure to state a claim tests the claim as stated in the complaint and does not challenge the plaintiffs' factual allegations, the Court must construe the complaint in a light most favorable to the plaintiffs, accepting all their factual allegations as true and drawing all reasonable inferences in their favor.  Dubay v. Wells, 506 F.3d 422, 427 (6th Cir.2007).  Although a complaint's factual allegations need not be detailed, Bell Atl. Corp. v. Twombly, 550 U.S. 544, 127 S.Ct. 1955, 1965, 167 L.Ed.2d 929 (2007) teaches that they "must be enough to raise a right to relief above the speculative level."  On that score, the plaintiffs' obligation to show "[their] 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  Id.

When ruling on a 12(b)(6) motion to dismiss, the Court's inquiry is limited to the four corners of the complaint, along with any other materials permitted under the Federal Rules.  Fed. R. Civ. P. 12(b)(6); Fed. R. Civ. P. 10(c).  This does not, however,

6

prevent the Court from ordering dismissal based on an affirmative defense raised by the defendant, as long as it is apparent from the face of the complaint that relief is barred. Rauch v. Day & Night Mfg. Corp., 576 F.2d 697, 702 (6th Cir.1978).  A dismissal is only proper on the grounds of an affirmative defense, where "the complaint, together with any other documents appropriately considered under Fed. R. Civ. P. 12(b)(6) 'leave no doubt' that the plaintiff's action is barred by the asserted defense." Blackstone Realty LLC v. Federal Deposit Insurance Corp., 244 F.3d 193, 197 (1st Cir. 2001)(citing LaChapelle v. Berkshire Life Ins. Co., 142 F.3d 507, 508 (1st Cir.1998)).

The Court now proceeds to identify the elements of the defense raised by the defendants.  If, after reviewing the complaint, the Court then determines that the facts alleged on the face of the complaint support the affirmative defense to the extent that no relief would be possible, the Court will dismiss the action.  Under 29 U.S.C. § 213(a)(3), the minimum wage and maximum hour requirements imposed by § 206 and § 207 of the FLSA do not apply to:

> any employee employed by an establishment which is an amusement or recreational establishment, organized camp, or religious or non-profit educational conference center, if (A) it does not operate for more than seven months in any calendar year . . . .

Thus, if it is evident on the face of the complaint that Maui Sands is an "amusement or recreational establishment" as understood under the statute and it "does not operate for more than seven months in any calendar year" making no relief possible, then the Court must dismiss the complaint.

The complaint describes Maui Sands Resort as "a 55,000-square-foot indoor waterpark in Sandusky, Ohio." (Docket No. 1 at 4).  The defendants argue that this

characterization places Maui Sands squarely within the meaning of "amusement or recreational establishment, because, as it claims, "[w]aterparks have been consistently found to be 'amusement' or 'recreational' establishments for purposes of the FLSA exemption." (Docket No. 61-2 at 4). The defendants cite no law to support this proposition. However, whether or not this is true is irrelevant because the law in this area is more concerned about what the establishment *does* than how the establishment is *characterized*. See Chao v. Double JJ Resort Ranch, 375 F.3d 393, 397 (6th Cir. 2004). The Court, therefore, finds that neither the mere characterization of Maui Sands as a "waterpark" nor any other factual assertion in the complaint conclusively proves that the defendants qualify as the sort of "amusement or recreational establishment" that would be eligible for the exemption.

Even if the plaintiffs' characterization of Maui Sands as a "waterpark" were conclusive on the issue, the defendants still could not satisfy the second element of the exemption based on the facts alleged in the complaint. In addition to showing that Maui Sands was an "amusement or recreational establishment," the complaint must show that Maui Sands "does not operate for more than seven months in any calendar year." The complaint indicates that Maui Sands operated for approximately nine months, from February 2008 to November 26, 2008. Because the Court must accept all factual allegations in the complaint as true and limit its inquiry to the four corners of the complaint, the defendants' assertions that Maui Sands in fact operated from May 15, 2008 to November 26, 2008 are irrelevant.

Because the facts as alleged in the complaint do not support the affirmative defense raised by the defendants, insofar as no relief would be possible under the

8

FLSA, the defendants' motion to dismiss for failure to state a claim upon which relief can be granted will be denied.

**III. Conclusion**

For the reasons discussed above the defendants' motion to dismiss is DENIED.

IT IS SO ORDERED.

                                                         /s/ Lesley Wells  
                                       UNITED STATES DISTRICT JUDGE

Date: 8 September 2009